UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY R. BELLEW, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:07CV00122 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon review of movant's "Response to Order to Show Cause [Doc. #3].[1] Movant claims that "[u]nder § 921 Congress did not make provisions for possession of shotgun shells to be a violation under § 922(g)(1). Thus, the sentencing Court lacked jurisdictional power . . . to render judgment against defendant."[2] Movant claims that "the statutory one-year limitation has no bearing upon a complaint challenging the Court's jurisdictional power."

Title 28 U.S.C. § 2255 states, in pertinent part:

> A prisoner in custody . . . claiming the right to be released upon the
> ground that . . . the court was without jurisdiction to impose such
> sentence . . . may move the court which imposed the sentence to
> vacate, set aside or correct the sentence.
> . . .
> A 1-year period of limitation shall apply to a motion under this

---

[1]On September 20, 2007, this Court entered an Order and Memorandum instructing movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred [Doc. #2].

[2]On September 2, 2004, movant pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1)(felon in possession of ammunition). He was sentenced to ninety-two months' imprisonment and a three-year term of supervised release. Movant did not appeal his conviction.

section.

Thus, having carefully reviewed movant's response, the Court concludes that the instant action is time-barred under 28 U.S.C. § 2255(1). Movant's conviction became final, at the latest, ten days after September 2, 2004. See Fed.R.App.P.4(b). The instant motion was mailed to this Court on or about August 8, 2007, well after the expiration of the one-year limitation period.[3]

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant 28 U.S.C. § 2255 motion is time-barred.

---

[3]The Court notes that movant's argument that shotgun shells do not fall under the definition of "ammunition" for purposes of 18 U.S.C. § 922(g)(1), is actually not an issue concerning the sentencing Court's jurisdictional power over him, but rather, involves a federal district court's interpretation of a federal statute in the context of a federal criminal prosecution. It is axiomatic that "[s]ubject matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231," United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006). In addition, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.'" Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999). Thus, in addition to being time-barred, movant's claim is patently frivolous.

**IT IS FURTHER ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

An appropriate order shall accompany this order and memorandum.

So Ordered this 9th Day of November, 2007.

                                                                                  _____
                                                                                  E. RICHARD WEBBER
                                                                                  UNITED STATES DISTRICT JUDGE